No. 45,650

SHUNGA PLAZA, INC. and AMERICAN SAVINGS ASSOCIATION OF TOPEKA, KANSAS CORPORATIONS, *Appellants,* v. AMERICAN EMPLOYERS' INSURANCE COMPANY, *Appellee.*

(476 P. 2d 642)

Opinion on rehearing filed November 7, 1970. (For original opinion of affirmance see 204 Kan. 790, 465 P. 2d 987.)

*Jerry W. Hannah,* of Topeka, argued the cause, and *John E. Davis,* of Topeka, was with him on the brief for the appellants.

*Herbert A. Marshall,* of Topeka, argued the cause, and *J. Roger Hendrix,* of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This appeal involves the effectiveness of an endorsement to be attached to an insurance policy for the purpose of deleting an item of property from the insurance coverage.

The appeal was first heard in January, 1970, and on March 7, 1970, the opinion affirming the judgment in the lower court was filed. (*Shunga Plaza, Inc. v. American Employers' Ins. Co.,* 204 Kan. 790, 465 P. 2d 987.)

A rehearing was granted and the case was reargued at the October, 1970, session.

Upon further consideration of the case a majority of the court is now of the opinion that the former decision is incorrect and that the majority opinion, as filed, should be and is hereby withdrawn, vacated and set aside.

The result is that the dissenting opinion of the minority now becomes the controlling opinion of the majority and is hereby adopted as such. We would, however, add a few additional remarks.

We find no fault with the law as expressed in the first four paragraphs of the syllabus but we are now of the opinion that the law as stated in paragraph three has no application to the facts and circumstances of this case.

Although we will look to the former opinion for the facts without repeating them herein, it will be necessary that we set out the endorsement and the letter of transmittal in support of our limited presentation. In the language of the former opinion, an endorsement, standard in form, was mailed by Robert Gucker on behalf of the appellee to Robert J. Bernica, secretary of the appellant, Shunga Plaza, Inc., to be attached to the policy of insurance. The endorsement is too cumbersome to be presented in full. It was headed:

"ENDORSEMENT
(To be attached to policy)"

It stated:
"Attached to and forming of Policy No. A 22-10385-62
"Effective Date of Endorsement 2-23-66"

The endorsement gave the amount of the return premium—$20.00. The following was typed at the bottom of the printed form:

"In consideration of return premium of $20.00. It is understood and agreed that item No. 1 is deleted from this policy.

Signed and accepted X_____"

Written in the blank space following the X was:

"Shunga Plaza, Inc.
By: Robert J. Bernica"

The endorsement with copies were mailed to Robert J. Bernica with a letter of transmittal, which read:

"Please sign and return all copies where the X is indicated. Please be sure and sign Shunga Plaza, Inc., by you. Please find enclosed a stamped, self addressed envelope and return promptly.

"*A check for the return premium will be sent to you when we receive confirmation from company.*" (Emphasis supplied.)

In the former opinion we applied the rule that there is no basis for construction where the language of a contract is clear and unambiguous and where a contract is not ambiguous it is the function of a court to enforce it as made. This was the language contained in paragraph three of the syllabus in the former opinion which we now hold not to be applicable.

Although the endorsement does not state when the "return premium" of $20.00 would be paid, it cannot be said that the endorsement is incomplete or ambiguous as the law will imply payment within a reasonable time. (*Leis v. Sinclair,* 67 Kan. 748, 74 Pac. 261; 17A C. J. S., Contracts, § 482, p. 682.) However, the endorsement being silent as to the method, time and terms the "consideration of a return premium of $20.00" was to be paid, the letter transmitting the endorsement having definitely fixed the method, time and terms of the payment, the necessity for an implication is eliminated. The time and condition of payment becomes definitely fixed by the letter of transmittal.

The letter of transmittal makes it quite clear that the agent did not have authority to approve the endorsement but the approval must come from his company.

The letter stated that "a check for the return premium will be sent to you when we receive confirmation from company." Confirmation of what? It had to mean either the confirmation of the endorsement or the "return premium" or both. If there was no confirmation by the company, the consideration mentioned in the endorsement failed. The check would not be mailed until there was confirmation by the company.

This court has never passed on the effect of a covering or transmittal letter. However, we see no reason why it should not have the same force and effect as any other annexed writing where it is bound to come to the attention of the party.

We find the following statement in Corpus Juris Secundum:

"Where a contract is made by correspondence, the intent of the parties is to be gathered from the whole thereof. So, where the parties by correspondence agree to a change in a prior written contract, the agreement will be gathered from the written contract and the correspondence considered as a whole.

". . . Thus, a memorandum on a written contract qualifying or restraining its operation, or indorsed thereon contemporaneously with the execution of the instrument, forms a part of the contract and binds the parties to the same extent as though it had been embodied in the instrument." (17A C. J. S., Contracts, § 298, p. 135.)

Again in 17A C. J. S., Contracts, § 299, p. 136, it is stated:

"Writings which are made a part of a contract by annexation or reference will be so construed; so, it is a general rule that where a contract refers to, and incorporates the provisions of, another instrument, they shall be construed together.

"Where, however, the reference to another writing is made for a particular and specified purpose, such other writing becomes a part of the contract only for such specified purpose and to the extent of the reference."

The effect of two contemporaneous writings was considered in *Rodriguez v. Secretary of Treasury of Puerto Rico*, 276 F. 2d 344, where it was stated:

". . . Where an offeror presents two contemporaneous writings, even though one is formal and complete on its face, and the other informal, the offer is both. The other party is free to reject both. But it cannot accept the one, and disregard the other. Bond v. Wiegardt, 1950, 36 Wash. 2d 41, 216 P. 2d 196; V-1 Oil Co. v. Anchor Petroleum Co., 1959, 8 Utah 2d 349, 334 P. 2d 760. . . ." (p. 349.)

We find the rule stated where there are two contemporaneous writings but one is silent as to a particular provision:

". . . Moreover it is a settled rule that documents executed at the same time, with one referring to the other, are to be construed as a single instrument. (Civ. Code, § 1642; 12 Cal. Jur. 2d, § 123, p. 333.) Of course, the express promise of the one instrument must prevail over the silence of the other. . . ." (*Cheminol Corp. v. Ohlsson*, 133 C. A. 2d 223, 228, 283 P. 2d 773.)

A covering or transmittal letter may have the effect of delaying or staying the operation of a contract and knowledge of its contents cannot be disclaimed.

In *Gateway Company, Inc. v. Charlotte Theatres, Inc.*, 297 F. 2d 483, it was said:

". . . But the covering letter creates a more serious problem. Valley could not disclaim knowledge of its contents. *A covering letter may be part of the total agreement.* Rodriguez v. Secretary of the Treasury of Puerto Rico, 1 Cir., 1960, 276 F. 2d 344. The advice of Wm. Randolph Hearst, 'Throw [it] in the wastebasket. Every letter answers itself in a couple of weeks,' Koenigsberg, King News, 273 (1941), is not a safe legal principle." (p. 486. Emphasis supplied.)

We are inclined to believe that the "effective date" mentioned in the endorsement referred to the date as of which the endorsement would be effective after it was confirmed by the company. As there was no check received by the insured, and no notice of confirmation, the policy of insurance remained in full force and effect.

An insurance company cannot wait until a building is destroyed and then confirm an endorsement deleting the item of property from coverage under the policy.

The judgment of the district court is reversed with instructions to render judgment for the plaintiff in the amount due under the

original insurance policy covering the building at 1122 Van Buren, Topeka, Kansas.

APPROVED BY THE COURT.

PRICE, C. J., dissenting.

FROMME, J., dissenting: I adhere to what was expressed and held in our former majority opinion (*Shunga Plaza, Inc. v. American Employers' Ins. Co.*, 204 Kan. 790, 465 P. 2d 987) and dissent from the present majority opinion.

It should be pointed out that the cancellation or deletion of insurance coverage in this case was initiated by a representative of the insurance company. In such case there is no reason to delay termination of the coverage until confirmation from the company. The advantages and reasons for agreeing in advance on an effective date for the cancellation are apparent. The company could then determine the total extent of its liability on that date. The agent could then figure the pro-rata amount of the premium to be refunded to the insured and the insured then knew when he must obtain insurance protection from other sources.

The endorsement form used by the agent and the insured to delete the coverage was a uniform standard insurance form. It was executed or signed by Bob Gucker, as agent for the company and by Robert J. Bernica as an officer of the insured corporation, Shunga Plaza, Inc. The effective date of the endorsement which reduced the coverage was stated in the endorsement to be February 23, 1966. Without that set date for the deletion of coverage the pro-rata amount of return premium to be paid ($20.00) could not be properly calculated.

The present holding of a majority of this court is that regardless of the effective date set in an endorsement the deletion of coverage does not become effective until there is a further confirmation of the endorsement by the company or an actual payment of the return premium due.

Such a holding results in a hiatus. The pro-rata return premium cannot be figured until the effective date of the cancellation is set and the date of cancellation cannot be set until the pro-rata return premium is calculated and paid.

The present majority of the court lay too much stress on the letter of transmittal. Such letter was not signed by either of the parties.

It was prepared and signed by Alice Doyle, who was designated in the letter of transmittal as a "secretary" in "Bob Gucker's office". It contained nothing to indicate the letter was dictated by Bob Gucker.

The effect of our present holding reaches far beyond the authorities cited by the majority in support thereof. As I interpret the opinion as now written it has the effect of holding that the terminology used by secretarial help in a letter of transmittal may change the clear and unambiguous terms of a separate written agreement signed by two contracting parties. This should not be the law and I respectfully dissent.

KAUL, J., joins in the foregoing dissent.